IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Luis Serrano, | ) | Case No. 9:21-cv-02927-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of FCI-Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On November 1, 2021, Respondent filed a motion for summary judgment. ECF No. 11. Petitioner filed a response in opposition and a letter. ECF Nos. 19, 20. On July 19, 2022, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted. ECF No. 22. Petitioner filed objections to the Report.[2] ECF No. 27.

---

[1] This action was reassigned to the undersigned on August 5, 2022. ECF No. 26.

[2] On the last page of his objections, Petitioner states that he did not receive the Report until August 1, 2022, and requests an extension of time to file his objections. ECF No. 27 at 5. This request is granted, and the objections are deemed timely filed.

1

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge has included a thorough summary of the relevant facts and applicable law, which the undersigned incorporates by reference. Briefly, this action pertains to Petitioner's hearing in front of a Disciplinary Hearing Officer ("DHO"). Petitioner received an incident report for an event that occurred on June 14, 2020, alleging he had violated Prohibited Act Code 108, Possession of a Hazardous Tool. ECF No. 11-2. The incident report stated that the reporting officer had found a cell phone in his locker. *Id.* On June 30, 2020, a DHO

hearing was held. ECF No. 11-5 at 1. The DHO found that Petitioner committed the prohibited act and sanctioned Petitioner to the loss of 41 days of good conduct time, a $500.00 fine, and the loss of visitation privileges for 365 days. ECF No. 11-5 at 4. Petitioner brings this action alleging that his due process rights were violated and seeking to have the disciplinary action expunged, restoration of 41 days of good conduct time and visitation privileges, and reimbursement of the $500.00 fine. ECF No. 1 at 9.

As stated above, the Magistrate Judge recommends granting Respondent's motion for summary judgment. Petitioner objects.

In Petitioner's first objection, he argues that the incident report identified a "black LG" cell phone; however, the DHO report contained a picture of a "black L8STAR" cell phone. ECF No. 27 at 1–3. He contends that a black LG phone should have been produced at the hearing and failure to do so amounts to an unfair hearing without the proper evidence. In Petitioner's second objection, he sates that he is objecting to the Magistrate Judge's constructive possession analysis. *Id.* at 3. The Court notes that he reasserts his objection that two different phones were identified by the reporting officer and the DHO report. Accordingly, the Court will address these objections together.

With respect to Petitioner's argument that the phone identified by the reporting officer must have been produced at the DHO hearing, the Magistrate Judge determined that this minor discrepancy was insufficient to overcome the "some evidence" standard. ECF No. 22 at 15 n.6. Upon de novo review of the record, the Report, and the applicable law, the Court agrees with the Magistrate Judge's recommendation.

A prisoner has a protected liberty interest in their good-time credits.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  In disciplinary proceedings that may result in the loss of good-time credit, an inmate has a right to advance written notice of charges at least 24 hours before the hearing; to a fair and impartial tribunal; to call witnesses and to present documentary evidence in his defense; to receive a written statement explaining the tribunal's findings; and, "[w]here an illiterate inmate is involved . . . or . . . the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case," to seek the aid of a fellow inmate or prison staff.  *Id.* at 563–70.  Further, a disciplinary decision implicating a prisoner's liberty interest must be supported by at least "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454–55 (1985). The determination of whether the standard is satisfied requires inquiry into "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455–56.

Here, Petitioner does not assert that he was unaware of the charges against him, merely that the reporting officer identified a different brand of cell phone.  Such is insufficient to rise to the level of a due process violation.  *See Ortiz v. Zickefoose*, No. CIV. 10-4174, 2011 WL 1675003, at *6 (D.N.J. May 3, 2011) ("Petitioner concedes that at all pertinent times he was on notice that possession of a cell phone was a proscribed offense and, importantly, a sanctionable misconduct."); *see also Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("Prison disciplinary proceedings are not part of a criminal

4

prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."). Accordingly, these objections are overruled.[3]

In Petitioner's third objection, he argues that the mail the reporting officer stated he found in the locker with the cell phone should have been produced at the DHO hearing. ECF No. 27 at 3. He contends that he was unable to challenge the evidence as it was not presented. *Id.* The Magistrate Judge determined that, at most, the failure to present the mail amounted to harmless error under *Lennear v. Wilson*, 937 F.3d 257, 276–77 (4th Cir. 2019). ECF No. 22 at 16–17. Upon review, the Court agrees.

As explained in more detail by the Magistrate Judge, the DHO report stated that the DHO considered the statement by the reporting officer as well as other evidence, including the testimony that the locker was a "community locker." ECF No. 11-5 at 3. Petitioner has not explained how production of the mail would have aided in his defense. Accordingly, Petitioner has failed to demonstrate that the failure to produce the mail at the hearing was harmful; thus, his objection is overruled.

In Petitioner's fourth objection, he asserts that he was given a copy of he incident report outside the 24-hour window prescribed by Bureau of Prisons ("BOP") policy. ECF No. 3–4. This is insufficient to state a violation of Petitioner's due process rights. *See*

---

[3] Petitioner has not filed a specific objection with respect to the remainder of the Magistrate Judge's discussion on constructive possession. Nevertheless, out of an abundance of caution for a pro se Petitioner, the Court has reviewed that portion of the Report, the record, and the applicable law de novo. Upon such review, the Court agrees with the recommendation of the Magistrate Judge.

*Smith v. Bureau of Prisons*, No. CIV.A. 7:03-CV-00662, 2004 WL 3397938, at *5 (W.D. Va. Oct. 22, 2004) (holding that the petitioner "possessed no liberty interest under Wolff in receiving incident reports within a certain period of time after an alleged incident occurs"), *aff'd*, 128 F. App'x 342 (4th Cir. 2005); *Bauer v. Warden FCI Williamsburg*, No. 6:16-cv-304-RMG, 2017 WL 318683, at *2 (D.S.C. Jan. 23, 2017) ("[T]he BOP's violations of its own policies do not amount to a due process violation."). Accordingly, this objection is overruled.[4]

## **CONCLUSION**

After considering de novo the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the Magistrate Judge's recommendation; accordingly, Respondent's motion for summary judgment [11] is **GRANTED** and the Petition is **DISMISSED** with prejudice.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

September 13, 2022
Spartanburg, South Carolina

---

[4] Petitioner has not specifically objected to the portion of the Report labeled "Impartial DHO." Nevertheless, out of an abundance of cation for a pro se Petitioner, the Court has reviewed this portion of the Report, the record, and the applicable law de novo. Upon such review, the Court agrees with the recommendation of the Magistrate Judge. *See* ECF No. 22 at 12–14.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.